JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

**14   5031**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GEORGE BECKER

**DEFENDANTS**

NORTHSTAR LOCATION SERVICES, LLC

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Erie County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Siddons, The Law Firm of Michael Alan Siddons, Esquire
16 West Front Street, Media, PA 19063
Tel: 484-614-6546

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding   ☐ 2   Removed from State Court   ☐ 3   Remanded from Appellate Court   ☐ 4   Reinstated or Reopened   ☐ 5   Transferred from Another District *(specify)*   ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692, et seq.; 47 U.S.C. 227, et seq.

Brief description of cause:
Debt Collection Harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
8/26/2014

SIGNATURE OF ATTORNEY OF RECORD
*Michael A. Siddons*

**AUG 29 2014**

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

14-G-5031

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __George Becker, 71 Golf View Rd, Doylestown, PA 18901__

Address of Defendant: __Northstar Location Serices, LLC, 4285 Genesee Street, Cheektowaga, NY 14225__

Place of Accident, Incident or Transaction: __Defendant contacted Plaintiff on his cellular phone. Plaintiff is a resident of__
*(Use Reverse Side For Additional Space)*
__Doylestown, PA.__

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No ☒

Does this case involve multidistrict litigation possibilities?                                                   Yes☐   No ☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                            Yes☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                            Yes☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                                    Yes☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                            Yes☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. x All other Federal Question Cases
    (Please specify) __Consumer Credit/ Debt collection Harrassment__

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

AUG 2 9 2014

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                                    Attorney-at-Law                              Attorney I.D.#
                    **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/26/14__   _Michael A. Siddons_   __89018__
                        Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| George Becker | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | **14   5031** |
| Northstar Location Services, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| _8/26/14_ | _Michael A. Siddons_ | Plaintiff, George Becker |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| _484-614-6546_ | | _msiddons@siddonslaw.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 2 9 2014

$400.00

RB

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT PENNSYLVANIA

GEORGE BECKER,          )
                                  )

     Plaintiff,          )
                                  )         **14   5031**

     v.                )      Case No.
                                  )

NORTHSTAR LOCATION SERVICES, LLC )
     Defendant.

### PLAINTIFF'S COMPLAINT

Plaintiff, GEORGE BECKER ("Plaintiff"), through his attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

1

costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA,

Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838,

at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that

automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the

type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding

calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §1331, 1367, and 15 U.S.C. §1692k.

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such

actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

9.  This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing at Doylestown, Bucks County, Pennsylvania.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

14. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a collection agency located in Cheektowaga, Erie County, New York.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with an auto loan Plaintiff acquired in 2006 from Capital One.

23. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

24. In or around January 2011, Defendant began placing collection calls to Plaintiff in an attempt to collect the debt.

25. Defendant calls Plaintiff on Plaintiff's personal cellular telephone at 215-375-65xx, Plaintiff's work cellular telephone at 267-981-48xx, and Plaintiff's home telephone.

26. Within the last year, Plaintiff answered several of Defendant's phone calls.

27. On numerous occasions, Plaintiff spoke with Defendant's collectors and repeatedly requested that Defendant stop placing collection calls to Plaintiff.

28. Despite Plaintiff's repeated request, Defendant continues to call Plaintiff in an attempt to collect the alleged debt.

29. Defendant's collectors who continued to call Plaintiff have threatened to harm Plaintiff's credit report, garnish Plaintiff's wages, and notify Plaintiff's employer.

30. Defendant's collectors have also insulted Plaintiff by calling him rude names, such as "deadbeat," and by questioning Plaintiff's relationship with his family.

31. In or around March 2013, Defendant also began calling Plaintiff's parents on their home telephone in an attempt to collect the alleged from Plaintiff.

32. Defendant called Plaintiff's parents despite the fact that Defendant's collectors had already been in contact with Plaintiff on numerous occasions.

4

33. Plaintiff's parents are not co-obligors and do not owe the alleged debt.

34. When Defendant began calling Plaintiff's parents, Plaintiff had already received collection letters from Defendant and also had spoken with Plaintiff on Plaintiff's cell phone, work phone, and home phone.

35. Defendant's collectors who spoke with Plaintiff's parents explicitly told Plaintiff's parents that Plaintiff owes the alleged debt.

36. Within the last year, Plaintiff's parents have told Defendant's collectors to stop calling.

37. Despite these requests, Defendant's collectors continued to call Plaintiff's parents regarding Plaintiff's alleged debt.

38. When Plaintiff answers Defendant's phone call to Plaintiff's cell phone, work phone, and home phone, there is dead air for a few seconds before Plaintiff is connected with a live operator on Defendant's end.

39. When Plaintiff is connected with one of Defendant's collectors, Defendant's collectors fail to identify that they are calling on behalf of Northstar Location Services, LLC.

40. Defendant's collectors usually only say that they are "calling on behalf of Capital One auto finance."

41. On several other occasions, Defendant's collectors have left Plaintiff voicemail messages.

42. In the aforementioned voicemail messages, Plaintiff's collectors fail to state that they are calling on behalf of Northstar Location Services, LLC.

43. Defendant's collectors that call Plaintiff were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect a debt.

44. Defendant's collectors that call Plaintiff do not state that the call is from Northstar Location Services, LLC.

45. Defendant's collectors that call Plaintiff are familiar with the FDCPA.

46. Defendant's collectors that call Plaintiff know the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

47. Defendant called Plaintiff using an autodialer system.

48. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

49. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

50. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

51. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

52. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

53. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

54. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

55. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

6

56. Defendant called Plaintiff at an annoying and harassing rate, sometimes calling Plaintiff on his cell phone, work phone, and home phone all within the same day.

57. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

58. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

59. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

60. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and stated that such consumer owes any debt when Defendant's collectors called Plaintiff's parents and explicitly disclosed information regarding Plaintiff's alleged debt;

   b. Defendant violated §1692b(3) of the FDCPA by communicating with any person other than the consumer more than once unless requested to do so by such person when Defendant's collectors continued to call Plaintiff's parents despite Plaintiff's parents repeated requests that Defendant stop calling, and despite the fact that Defendant had already been in contact with Plaintiff on Plaintiff's cell phone, work phone, and home phone and via mail correspondence;

7

c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

d. Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader when Defendant's collectors called Plaintiff a "deadbeat" and insulted his relationship with his family;

e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, sometimes up to three times per day on Plaintiff's cell phone, work phone, home phone, and parent's home telephone, with intent to annoy, abuse, or harass any person at the called number;

f. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors who spoke with Plaintiff and left Plaintiff voicemail messages failed to state they were calling on behalf of Northstar Location Services, LLC;

g. Defendant violated §1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt;

h. Defendant violated §1692e(4) of the FDCPA by falsely representing or implicating that nonpayment of any debt will result in the arrest of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action

8

when Defendant's collectors threatened to harm Plaintiff's credit report and garnish Plaintiff's wages; and

i.  Defendant violated §1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when Defendant's collectors threatened to harm Plaintiff's credit report and contact Plaintiff's employer.

WHEREFORE, Plaintiff, GEORGE BECKER, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

62. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

63. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

64. Plaintiff repeats and re-alleges paragraphs 1-59 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

65. Defendant's conduct violated the TCPA by:

a.  Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

66. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, GEORGE BECKER, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

69. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

70. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

71. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

72. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

By: /s/ Michael A. Siddons

Michael A. Siddons
Attorney #89018
The Law Firm of Michael Alan Siddons, Esquire
16 West Front Street

10

Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

11